**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS**

| | |  | |
|---|---|---|---|
| FameFlynet, Inc., | ) | | |
| | ) | | |
| *Plaintiff,* | ) | | |
| vs. | ) | No. | 1:17-cv-04749 |
| | ) | | |
| Jasmine Enterprises Incorporated, | ) | | |
| | ) | | |
| *Defendant.* | ) | | |

**STIPULATION OF FACTS , EVIDENCE AND STATUTORY DAMAGES AWARD IN
LIEU OF DAMAGES TRIAL**

WHEREAS, on September 25, 2018, this Court granted Plaintiff's motion for summary judgment (Dkt 58) as to liability and set this matter down for a trial on damages; (Dkt 99); and

WHEREAS, the Plaintiff and Defendant hereby stipulate that, in the event this matter were to proceed to the trial on damages currently scheduled for February 1, 2019, the parties would introduce the following facts and evidence into the record with respect to Plaintiff's pending cause of action, including the resulting claims for statutory damages, attorneys' fees, and with respect to Defendant's affirmative defenses and defenses thereto; and

WHEREAS, in an effort to curtail the continued expenditure of additional costs and fees in this matter, in lieu of conducting a trial on damages the Plaintiff and Defendant hereby stipulate to a statutory damages award pursuant to 17 U.S.C. 504(c) in favor of Plaintiff and against Defendant in the amount of $5,000, exclusive of any party's claim to attorney's fees, as a full and final resolution of any and all claims and causes of action filed by Plaintiff against Defendant; and

WHEREAS, in entering and submitting this stipulation of facts, evidence and statutory damages in lieu of trial, the parties intend to reserve only the parties' claims to attorney's fees, if any, and to ask the court to decide any such claim based on written submissions by the parties to be filed in accordance with a schedule set by the court.

NOW THEREFORE:

1. Jasmine Enterprises Incorporated ("Jasmine") is an Illinois-based company that sells wedding dresses out of a retail store located in Lombard, Illinois.

2. Jasmine owns a website (www.jasminegalleria.com) (the "Website"), which includes a blog (blog.jasminegalleria.com) (the "Blog").

3. Jasmine does not earn revenue directly through the Website or the Blog.

4. The Website and the Blog are not used to transact sales of any products.

5. Jasmine is not in the business and has never been in the business of licensing, purchasing, or selling copyrighted works.

6. FameFlynet Inc. ("FFN") is a corporation duly organized and existing under the laws of the State of California with a principal place of business in Los Angeles County, California.

7. FFN provides entertainment-related photojournalism goods and services and, in that capacity, owns the rights to a multitude of photographs, primarily featuring celebrities, which it licenses to online and print publications for profit.

8. FFN's primary assets are its original and creative library of current celebrity photographs, as well as its archive of celebrity photographs.

9. In order to protect its assets and to control the distribution of its photographs, FFN applies for and receives United States copyright registrations with the United States Copyright Office.

10. FFN's business model of taking celebrity photographs and selling them to online and print media outlets is highly dependent upon the continuing acquisition of fresh content as well as its ability to control the timing and volume of distribution of its photographs.

11. It is FFN's position that, as a general matter, the unauthorized usage of an image by an unlicensed website creates a number of problems: one, it dilutes the value to the licensee of the exclusive right to the image/story which lessens the value of licensing such a right thereby reducing the value of the initial licensing fee; two, the unauthorized usage is the loss of a potential additional license fee of the image by the infringing website; and three, the continued dissemination of the image by other infringing third-party websites further reduces the value of the initial licensing fees while also reducing the number of potential licensing customers. Notwithstanding the foregoing, FFN does not have any evidence that Jasmine's alleged infringement diminished the value of FFN's protected images.

12. It is FFN's position that only through the policing of the unauthorized usage of its images, that it can attempt to reduce the impact caused by the systemic unlicensed usage of its images and to maintain the value of obtaining a license from FFN for an image.

13. In this case, Jasmine copied and displayed three (3) of FFN's copyright protected pictures on the Blog Post (as defined below).

14. FFN captured 46 photographs of newlyweds Nicky Hilton and James Rothschild taken at the Orangery at Kensington Palace in London, England after taking their wedding vows on July 10, 2015 (the "Hilton-Rothschild Photos"). Three (3) of the 46 Hilton-Rothschild Photos, including FFN item nos. 071015_51795036.jpg; 071015_51795044.jpg; and 071015_51795059.jpg, are at issue in this case (hereinafter the "Subject Photos"). *Copies of the Subject Photos are attached to FFN's Complaint (Doc. 1) as Exhibit 1.*

15. FFN applied to register the Hilton-Rothschild Photos with the United States Copyright Office ("*USCO*") on September 24, 2015, under Application No. 1-2734759362.

16. On September 24, 2015, the USCO approved FFN's application to register the Hilton-Rothschild Photos under Registration No. VA0001971327.

17. FFN employs a vendor to register its copyrights and to identify potential infringements of the registered images. Utilizing specialized software, the vendor scans print and online media for infringing uses of FFN's photograph and provides documentation of any such uses for FFN's review.

18. On October 15, 2015, FFN observed the Subject Photos on Defendant's Website at the following URL: http://jasminegalleria.com/blog/2015/08/wedding-wednesday-celebrity-wedding-nicky-hilton-james-rothschild-2. The story and accompanying photographs are hereinafter referred to as the "Blog Post." *A copy of the "screen grab" showing Jasmine's display of the Subject Photos is attached to FFN's complaint (Doc. 1) as Exhibit 1.*

19. The Blog Post indicates that the article and photographs were posted on August 5, 2015, by Allison Paschold, an employee of Jasmine at the time of the posting.

20. The three (3) photographs were individually saved by Jasmine at the following URLs: http://jasminegalleria.com/blog/wp-content/uploads/2015/08/Nicky-61.jpg; http://jasminegalleria.com/blog/wp-content/uploads/2015/08/Nicky-10.jpg; and http://jasminegalleria.com/blog/wp-content/uploads/2015/08/Nicky-11.jpg.

21. Neither Jasmine nor Allison Paschold had FFN's permission to copy, use, store, make available or otherwise display the Hilton-Rothschild Photos, including the Subject Photos.

22. Neither Jasmine nor Allison Paschold ever sought a license from FFN or its permission to copy, use, store, make available or otherwise display the Hilton-Rothschild Photos, including the Subject Photos.

23. At no time, including before, at the time of, or after Ms. Paschold's posting of the Blog Post, did Jasmine give permission or authority to any of its employees, including Ms. Paschold, to copy or use any photos or images from any source without permission from the source.

24. In her post which included FFN's photographs, Ms. Paschold gave credit to her source of origin for Subject Photos: "popsugar.com."

25. On June 22, 2016, through an email from FFN's counsel (Sanders Law, PLLC) to Jasmine, FFN first notified Jasmine of alleged copyright infringement for the Blog Post's display of the Subject photographs.

26. On June 22, 2016, after receiving FFN's counsel's notice of the alleged infringement, Jasmine immediately removed the entire Blog Post, including the Subject Photos.

27. FFN made a total of 13 sales of one or more photos from the Hilton-Rothschild Photos to various customers between July 10, 2015 and February 8, 2017. The sale dates, amounts, and photos were as follows:

| **Date of Sale** | **Amount** | **Photo Item Number** | **Sold To** |
|---|---|---|---|
| 02/08/2017 | $225.00 | 071015_51795024.jpg | E! News |
| 01/27/2016 | $11.73 | 071015_51795049.jpg | Globe |
| 09/01/2015 | $250.00 | 071015_51795024.jpg | BravoTV.com |
| 08/15/2015 | $165.50 | 071015_51795024.jpg | Turkey |
| 07/23/2015 | $100.00 | 071015_51795024.jpg | Wendy Williams |
| 07/21/2015 | $2,500.00 | 071015_51795026.jpg | People Magazine |
| 07/17/2015 | $100.00 | 071015_51795024.jpg | E! News Now |
| 07/16/2015 | $225.00 | 071015_51795049.jpg | Rogers Publishing Limited – Hello! CANADA |
| 07/16/2015 | $275.00 | 071015_51795058.jpg | Rogers Publishing Limited – Hello! CANADA |
| 07/14/2015 | $115.00 | 071015_51795049.jpg | ETOnline |
| 07/14/2015 | $250.00 | 071015_51795099.jpg | NY Daily News |
| 07/14/2015 | $300.00 | 071015_51795024.jpg | New York Post |
| 07/13/2015 | $150.00 | 071015_51795024.jpg | Entertainment Tonight |

28. FFN never sold the Subject Photos before, during, or after the Blog Post.

29. Aside from the potential sale to Jasmine of the Subject Photos, or any fact or evidence otherwise set forth in this stipulation, FFN is not in possession of any other facts or evidence to support its claim that Jasmine's infringement resulted in a loss of revenue to FFN.

30. The highest sale for any one or more of the Hilton-Rothschild Photos was for $2500 to People Magazine. In Plaintiff's experience, the first sale of a celebrity photo from a particular batch of photographs usually commands the highest sale price as compared to subsequent sales of any photos from the same batch.

31. In FFN's experience, the value of a celebrity photo decreases over time unless some event in the future makes the photograph relevant to another news cycle.

32. On October 2, 2015, Jasmine made its last post on the Blog, Jasmine has not posted on the Blog since October 2, 2015, and Jasmine does not intend to post on the Blog in the future.

33. The Blog Post was the only time any photo of FFN's has ever been posted on Jasmine's Website or Blog.

34. Ms. Paschold voluntarily resigned from her job with Jasmine within months after the Blog Post was posted and she never returned to work for Jasmine.

35. Prior to the Blog Post, neither Jasmine nor its then-employee, Ms. Paschold, had been provided any notice that copying the Hilton-Rothschild photographs would constitute an infringement of FFN's copyright.

36. Prior to the Blog Post, neither Jasmine nor its then-employee, Ms. Paschold, had any actual knowledge that displaying the Subject Photos would constitute an infringement of FFN's copyright.

Approved:

| | |
|---|---|
| Attorneys for Defendant,<br>Jasmine Enterprises, Incorporated | Attorneys for Plaintiff,<br>Fameflynet, Inc. |

By:   /s Christopher J. Pickett            By:   /s Craig B. Sanders
      Christopher J. Pickett                         Craig Sanders
      John M. Buscemi                            Erica Carvajal
      **LINDSAY, PICKETT & POSTEL, LLC**       **SANDERS LAW, PLLC**
      10 S. LaSalle Street, Suite 1301            100 Garden City Plaza, Suite 500
      Chicago, Illinois 60603                     Garden City, NY 11530
      cpickett@lpplawfirm.com                 Tel.: (516) 203-7600
      312-596-7779                               csanders@sanderslawpllc.com
      jbuscemi@lpplawfirm.com                 ecarvajal@sanderslawpllc.com
      312-794-8343